1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

BARBARA HARRINGTON,

               Plaintiff,

   v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

               Defendant.

NO.  C15-274-JCC-JPD

REPORT AND
RECOMMENDATION

14

15

16

17

18

19

     Plaintiff Barbara Harrington appeals the final decision of the Commissioner of the

Social Security Administration ("Commissioner") that denied her applications for Disability

Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI

of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an

administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that

the Commissioner's decision be REVERSED and REMANDED for further proceedings.

20

             I.       FACTS AND PROCEDURAL HISTORY

21

22

23

24

     At the time of the administrative hearing, Plaintiff was a 58-year-old with a GED and

additional vocational training in computer technology.  Administrative Record ("AR") at 33-

34, 165.  Her past work experience includes employment as a customer service representative

and transportation dispatcher.  AR at 34-35, 165.  Plaintiff was last gainfully employed in

REPORT AND RECOMMENDATION - 1

1    November 2011. *Id.*

2        On July 19, 2011, Plaintiff protectively applied for DIB and SSI, alleging an onset date

3    of March 24, 2011. AR at 136-37, 161. Plaintiff asserts that she is disabled due to hepatitis C.

4    AR at 164.

5        The Commissioner denied Plaintiff's claims initially and on reconsideration. AR at 69-

6    71, 73-74. Plaintiff requested a hearing, which took place on August 7, 2013. AR at 27-55.

7    On August 15, 2013, the ALJ issued a decision finding Plaintiff not disabled and denied

8    benefits based on his finding that Plaintiff could perform her past work. AR at 12-22.

9    Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR

10   at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is

11   defined by 42 U.S.C. § 405(g). On February 24, 2015, Plaintiff timely filed the present action

12   challenging the Commissioner's decision. Dkt. 1, 3.

                                    II.    JURISDICTION

13

14       Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§

15   405(g) and 1383(c)(3).

                                 III.    STANDARD OF REVIEW

16

17       Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

18   social security benefits when the ALJ's findings are based on legal error or not supported by

19   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th

20   Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

21   such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

22   *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750

23   (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in

24   medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*,

REPORT AND RECOMMENDATION - 2

1  53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a

2  whole, it may neither reweigh the evidence nor substitute its judgment for that of the

3  Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

4  susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

5  must be upheld.  *Id.*

6  IV.    EVALUATING DISABILITY

7  As the claimant, Ms. Harrington bears the burden of proving that she is disabled within

8  the meaning of the Social Security Act (the "Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th

9  Cir. 1999) (internal citations omitted).  The Act defines disability as the "inability to engage in

10  any substantial gainful activity" due to a physical or mental impairment which has lasted, or is

11  expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§

12  423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if her impairments

13  are of such severity that she is unable to do her previous work, and cannot, considering her age,

14  education, and work experience, engage in any other substantial gainful activity existing in the

15  national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-

16  99 (9th Cir. 1999).

17  The Commissioner has established a five step sequential evaluation process for

18  determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§

19  404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At

20  step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at

21  any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step

22  one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R.

23

24

REPORT AND RECOMMENDATION - 3

1   §§ 404.1520(b), 416.920(b).[1]  If she is, disability benefits are denied.  If she is not, the

2   Commissioner proceeds to step two.  At step two, the claimant must establish that she has one

3   or more medically severe impairments, or combination of impairments, that limit her physical

4   or mental ability to do basic work activities.  If the claimant does not have such impairments,

5   she is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe

6   impairment, the Commissioner moves to step three to determine whether the impairment meets

7   or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d),

8   416.920(d).  A claimant whose impairment meets or equals one of the listings for the required

9   twelve-month duration requirement is disabled.  *Id.*

10      When the claimant's impairment neither meets nor equals one of the impairments listed

11   in the regulations, the Commissioner must proceed to step four and evaluate the claimant's

12   residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the

13   Commissioner evaluates the physical and mental demands of the claimant's past relevant work

14   to determine whether she can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If

15   the claimant is able to perform her past relevant work, she is not disabled; if the opposite is

16   true, then the burden shifts to the Commissioner at step five to show that the claimant can

17   perform other work that exists in significant numbers in the national economy, taking into

18   consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§

19   404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the

20   claimant is unable to perform other work, then the claimant is found disabled and benefits may

21   be awarded.

22

23      [1] Substantial gainful activity is work activity that is both substantial, i.e., involves
significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. §
404.1572.

24

REPORT AND RECOMMENDATION - 4

1

## V.      DECISION BELOW

2      On August 15, 2013, the ALJ found:

3      1.      The claimant meets the insured status requirements of the Act through
               December 31, 2014.

4

5      2.      The claimant has not engaged in substantial gainful activity since
               March 24, 2011, the alleged onset date.

6      3.      The claimant's hypertension and hepatitis C are severe.

7      4.      The claimant does not have an impairment or combination of
               impairments that meets or medically equals the severity of one of the
               listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

8

9      5.      The claimant has the RFC to perform light work as defined in 20
               C.F.R. §§ 404.1567(b), 416.967(b), except that she can occasionally
               lift up to 20 pounds, frequently lift up to 10 pounds, stand for about 6

10             hours in an 8 hour day, and sit for about 6 hours in an 8 hour day.  She
               cannot climb ladders, ropes, and scaffolds, and must avoid

11             concentrated exposure to hazards such as machinery and heights.

12     6.      The claimant is capable of performing past work as a telephone
               representative.

13

14     7.      The claimant has not been under a disability, as defined in the Act,
               from March 24, 2011, through the date of the decision.

15     AR at 14-22.

16                        VI.      ISSUE ON APPEAL

17          The only issue on appeal is whether the ALJ properly considered the opinion of

18     examining psychologist Shawn Kenderdine, Psy.D., when assessing Plaintiff's RFC.

19     Dkt. 11 at 1.

20                        VII.      DISCUSSION

21          Dr. Kenderdine examined Plaintiff in March 2013, and opined that her depression

22     caused some mild and moderate limitations in cognitive and social functioning, and marked

23     limitations in her ability to complete detailed instructions.  AR at 323-27.  The ALJ purported

24

REPORT AND RECOMMENDATION - 5

1    to give great weight to Dr. Kenderdine's opinion, yet included no mental limitations in the

2    RFC assessment.  AR at 16, 20.

3        This is error, because an ALJ must provide specific and legitimate reasons to discount

4    an examining provider's opinion.  *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

5    The ALJ's failure to explain why portions of Dr. Kenderdine's opinion were not credited is

6    error.  *See* Social Security Ruling 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC

7    assessment conflicts with an opinion from a medical source, the adjudicator must explain why

8    the opinion was not adopted.").  The Commissioner offers post hoc explanations as to what the

9    ALJ may have intended (Dkt. 15 at 11-12), but the Court may not affirm on grounds not

10   articulated by the ALJ.  *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1225-26

11   (9th Cir. 2009) (explaining that the court reviews the ALJ's decision "based on the reasoning

12   and factual findings offered by the ALJ -- not post hoc rationalizations that attempt to intuit

13   what the adjudicator may have been thinking").

14       This error should be remedied by a remand for further proceedings, because on this

15   record it is not clear that Plaintiff is disabled.  *See Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th

16   Cir. 2014).  For example, although Plaintiff argues that if Dr. Kenderdine's opinion is fully

17   credited, she would be found disabled under operation of the Medical-Vocational Guidelines,

18   assuming that none of her work skills are transferable. Dkt. 11 at 8-9.  But the record does not

19   establish that Plaintiff's work skills are not transferable; the ALJ's decision does not address

20   this issue, because the ALJ stopped at step four of the sequential evaluation.  *See* AR at 21-22.

21   Thus, there are outstanding issues[2] that must be addressed before Plaintiff could be found

22   disabled even under Plaintiff's line of argument, and further proceedings are appropriate under

23   _____

        [2] There are other conflicts in the record that also raise serious doubts as to whether
24   Plaintiff is disabled.  *See, e.g.*, AR at 237-41 (examining physician's opinion that Plaintiff's
     physical conditions cause no limitations whatsoever).

REPORT AND RECOMMENDATION - 6

1    these circumstances.  *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th

2    Cir. 2014).

3                                              VIII.    CONCLUSION

4            For the foregoing reasons, the Court recommends that this case be REVERSED and

5    REMANDED to the Commissioner for further proceedings not inconsistent with the Court's

6    instructions.  A proposed order accompanies this Report and Recommendation.

7            Objections to this Report and Recommendation, if any, should be filed with the Clerk

8    and served upon all parties to this suit by no later than **September 11, 2015**.  Failure to file

9    objections within the specified time may affect your right to appeal.  Objections should be

10   noted for consideration on the District Judge's motion calendar for the third Friday after they

11   are filed.  Responses to objections may be filed within **fourteen (14)** days after service of

12   objections.  If no timely objections are filed, the matter will be ready for consideration by the

13   District Judge on **September 18, 2015**.

14           This Report and Recommendation is not an appealable order.  Thus, a notice of appeal

15   seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

16   assigned District Judge acts on this Report and Recommendation.

17           DATED this 28th day of August, 2015.

18

19                                                        *James P. Donohue*
                                                         _____
20                                                        JAMES P. DONOHUE
                                                         Chief United States Magistrate Judge

21

22

23

24

REPORT AND RECOMMENDATION - 7